**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**HAMMOND DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| | ) | |
| v. | ) | CAUSE NO.: 2:09-CR-148-RL-PRC |
| | ) | |
| JESUS FERNANDEZ and MARTIN | ) | |
| CHAVEZ, | ) | |
| Defendants. | ) | |

**OPINION AND ORDER**

This matter is before the Court on the Government's Motion to Compel the Defendants to Provide In-Court Voice Exemplars [DE 38], filed by the United States of America on September 25, 2009. On September 28, 2009, the Court issued an Order taking under advisement the instant Motion and ordered an expedited briefing schedule with no reply brief required.

In the instant Motion, the Government requests that the Court compel the Defendants to each separately provide an in-court voice exemplar, to be analyzed by an expert that the Government intends on retaining. The Defendants are charged with conspiracy to posses with intent to distribute five kilograms or more of a mixture and substance containing a detectable amount of cocaine, possessing with intent to distribute five kilograms or more of a mixture and substance containing a detectable amount of cocaine, and unlawfully eluding examination by immigration officials, all in violation of federal law.

The Government represents in the instant Motion that it intends to introduce an audio recording purportedly containing the defendants' voices and the voice of another co-conspirator discussing the unloading of over 150 kilograms of cocaine at a truck yard in Gary, Indiana. The Government intends on using the Defendants' voice exemplars to assist in identifying the Defendants as the individuals whose voices are contained on the audio recording. Accordingly, the Government intends to hire an expert to collect and analyze the voice exemplars and requests that the Court compel the Defendants to

separately give in-court voice exemplars, pursuant to the All Writs Act, 28 U.S.C. § 1651(a), to compare with the voice recording.

The Defendants filed a response brief in opposition on October 5, 2009, objecting to the instant Motion on the bases that the Government has failed to comply with its duties under Federal Rule of Criminal Procedure 16(a)(1)(G) and granting the instant Motion would result in further delay of the trial, in violation of the Defendants' rights under the Speedy Trial Act. Further, the Defendants request oral argument on the issues raised in their response brief. As an initial matter, the Court denies the Defendants' request for oral argument in this matter, as the Court resolves the issues based on the briefing provided by the parties.

The All Writs Act provides that "[t]he Supreme Court and all other courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. § 1651(a). The All Writs Act only empowers federal courts to issue writs in the course of exercising jurisdiction acquired on some other independent basis. *Cameo Care Center, Inc., v. Dept. of Health and Human Svcs.*, No. 96-C-513, 1997 WL 599421, at *3 (E.D. Wis. May 31, 1997). Under Local Rule 72.1(c) of the United States District Court for the Northern District of Indiana, "[a] magistrate judge may hear and determine any procedural or discovery motion or other motion or pre-trial matter in a . . . criminal case . . . ." L.R. 72.1(c). Accordingly, this Court has jurisdiction over the instant Motion.

In response to the instant Motion, the Defendants do not challenge the validity of requiring a defendant to provide an in-court voice exemplar, but instead object to the Government's request based on its alleged failure to comply with Rule 16(a)(1)(G). Rule 16(a)(1)(G) provides, in part, that:

> At the defendant's request, the government must give to the defendant a written summary of any testimony that the government intends to use under Rules 702, 703, or 705 of the Federal Rules of Evidence during its case-in-chief at trial.

Fed. R. Cr. P. 16(a)(1)(G). Defendants represent that they previously agreed to waive their rights of the time period to be charged by information or indictment based on the Government's representation that it was using an interpreter to determine whether the words "kilos" or "cocaine" were allegedly used by the Defendants on the voice recording. Later, the Defendants found out that the Government also used recordings from previous court hearings and recorded conversations from the Defendants' jail telephone calls to analyze the Defendants' voices. After the Defendants were ultimately indicted, they made a request pursuant to Rule 16(a)(1)(G) for a written summary of the Government expert's testimony that it intended to use at trial under Federal Rules of Evidence 702, 703, and 705. Despite their request, the Defendants represent that the Government has failed to disclose its expert witness and submit the requested summary of his or her testimony. Accordingly, the Defendants contend that the Government should be precluded from having that expert witness testify and, because it failed to comply with its obligations as to the original expert, it should also be prohibited from introducing a new expert on the same matter.

> Federal Rule of Criminal Procedure 16(d)(2) provides that:
>
> If a party fails to comply with this rule, the court may:
> (A) Order that party to permit the discovery or inspection; specify its time, place, and manner; and prescribe other just terms and conditions;
> (B) grant a continuance;
> (C) prohibit that party from introducing the undisclosed evidence; or
> (D) enter any other order that is just under the circumstances.

Fed. R. Cr. P. 16(d)(2). Here, Defendants argue that the Court should prohibit the Government from using its original expert witness at trial because of its failure to comply with Rule 16(a)(1)(G), otherwise the Defendants will be prejudiced by not having an adequate opportunity to prepare a defense, as without the expert's summary the Defendants will be unable to conduct a meaningful cross-examination of the expert witness, and cannot engage their own expert to refute the Government's conclusions. While Rule 16(d)(2) does not mandate the suppression of evidence for a discovery violation, these

sanctions are left to the discretion of the court. *United States v. Jackson*, 51 F.3d 646, 652 (7th Cir. 1995). Further, "[a] Rule 16 violation prejudices a defendant only when he is unfairly surprised by the evidence and cannot adequately prepare his defense or when the violation has a substantial influence on the jury." *United States v. Smith*, 502 F.3d 680, 689 (7th Cir. 2007). Here, the trial in this matter is set for October 19, 2009, and the Court finds that without a written summary of the original expert, the Defendants may be prejudiced at trial by being unable to adequately prepare their defense. Accordingly, the Court concludes that the Government may not use evidence from the original expert at trial, unless it produces the written summary to the Defendants before or at the October 9, 2009 Final Pretrial Conference.

Nonetheless, the Court denies the Defendants' request to prohibit the Government from obtaining another expert in this matter based on its discovery violations with regard to the original expert. Rule 16(d)(2) provides that the court may "prohibit that party from introducing *the undisclosed evidence*." Fed. R. Cr. P. 16(d)(2)(C) (emphasis added). While the Court may prohibit the Government from introducing the undisclosed evidence from its original expert, the Defendants have failed to explain how Rule 16(d)(2)(C) extends to potential evidence related to the Government's new expert. Rather, the Court finds that the Government's use of a new expert is unrelated to its prior discovery violation and the discovery violation does not require the Court to prohibit the Government from obtaining a new expert.

Turning to the Government's request to compel in-court voice exemplars, the Fourth Amendment protects people from unreasonable searches and seizures of their "persons, houses, papers, and effects," but this prohibition applies only when "identifying physical characteristics (such as a person's fingerprints or voice) are obtained during an unlawful detention or arrest or when a bodily intrusion (such as a blood test) is undertaken without a warrant, absent an emergency." *United States v. Brewer*, Cause No. 3:07-CR-123(01)RM, 2008 WL 506044, at *1 (N.D. Ind. Feb. 19, 2008) (citing

4

*Davis v. Mississippi*, 394 U.S. 721 (1969); *United States v. Wade*, 388 U.S. 218 (1967); *Schmerber v. California*, 384 U.S. 757 (1966)). "The analysis of any Fourth Amendment claim involves a potential violation at two different levels: "the 'seizure' of the 'person' necessary to bring him into contact with government agents . . . and the subsequent search for and seizure of the evidence." *United States v. Sechrist*, 640 F.2d 81, 85 (7th Cir. 1981) (quoting *United States v. Dionisio*, 410 U.S. 1, 8 (1973)). Here, the Defendants do not contend that an unlawful search or seizure occurred in this matter.

The Defendants do not have a reasonable expectation of privacy in their voices. *Dionisio*, 410 U.S. at 14. The compelled production of a voice exemplar is not a "search" within the meaning of the Fourth Amendment. *Id.* Further, the use of voice exemplars to measure the physical properties of the Defendants' voices, and not for testimonial or communicative content, does not violate the Fifth Amendment. *Id.* at 7. "[T]here is a significant difference between the use of compulsion to extort communications from a defendant and compelling a person to engage in conduct that may be incriminating." *United States v. Hubbell*, 530 U.S. 27, 34-35 (2000). For example, a criminal suspect may be required to give a voice sample even though such conduct may provide incriminating evidence. *Id.* at 35. Further, "[t]he act of exhibiting such physical characteristics is not the same as a sworn communication by a witness that relates either express or implied assertions of fact or belief." *Id.* Here, the Government represents that it intends on using the voice exemplars to compare to, and identify, the voices contained in the voice recording. Accordingly, the Government is attempting to use the voice exemplars to measure the physical properties of the Defendants' voices so the Defendants' Fourth and Fifth Amendment rights will not be violated by requiring them to submit to in-court voice exemplars,

5

even if such conduct may provide incriminating evidence.[1]  Therefore, the Court grants the Government's request to require the Defendants to separately submit to in-court voice exemplars.

To the extent that the Defendants argue that their rights under the Speedy Trial Act will be violated if the instant Motion is granted, the basis for this argument is that the Defendants will need to obtain their own expert to analyze the audio recordings and this will result in further delay of the trial. There is currently no request before the Court by either party to continue the trial. There is no indication from the instant Motion that the Government will be moving to continue the trial if the Court compels the Defendants to provide voice exemplars. The Defendants have not indicated how much, if any, delay might result by their potential decision to obtain an expert to refute the opinion of an expert for the Government in this matter. Further, the Defendants have known early on in this case that the Government may make use of expert voice identification testimony at trial, so the Defendants have had sufficient time within which to consider obtaining their own voice identification expert opinion. Also, the Defendants may require the Government to try the instant matter on the current trial date. Accordingly, Defendants have failed to provide sufficient information from which the Court could conclude that the Defendants' rights under the Speedy Trial Act would be violated by the Court granting the instant Motion.

Accordingly, having reviewed the instant Motion, the Court hereby **GRANTS** the Government's Motion to Compel the Defendants to Provide In-Court Voice Exemplars [DE 38]. The Court will schedule the taking of the in-court voice exemplars at the October 9, 2009 Final Pretrial Conference. The Court **ORDERS** the Government to produce a written summary of any testimony that the government intends to use under Rules 702, 703, or 705 of the Federal Rules of Evidence during its

---

[1] The Defendants argue that if an expert testifies that the voices on the recording are those of the Defendants, then there is a high probability that the jury will find them guilty. However, they make this argument in relation to their need to hire an expert and how this will result in further delay of the Defendants' trial.

case-in-chief at trial related to its original voice identification expert, **before or at the October 9, 2009 Final Pretrial Conference**.  The Court **DENIES** the Defendants' request for oral argument on the issues raised in its response brief.

Given the circumstances, the Court **ORDERS** that the Defendants appear in person at the October 9, 2009 Final Pretrial Conference and **DIRECTS** the US Marshal Service to produce the Defendants for the proceeding.

So ORDERED this 8th day of October, 2009.

s/ Paul R. Cherry\
MAGISTRATE JUDGE PAUL R. CHERRY\
UNITED STATES DISTRICT COURT

cc: All counsel of record, USM